UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICOLE RENEE CROSBY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DAN JONES,<br><br><br><br>　　　　　Defendant. | Case No. 1:25-cv-00613-DKG<br><br>**INITIAL REVIEW ORDER** |

　　　　Plaintiff Nicole Crosby (Plaintiff) has filed a pro se civil Complaint and an Amended Complaint in this matter. Dkts. 1, 3. Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Claims are subject to summary dismissal if they are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To *lack an arguable basis in law* means a claim is "based on an indisputably meritless legal theory." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Factual contentions that are "*clearly baseless*" include those that "describ[e] fantastic or delusional scenarios," *id*., "rise to the level of irrational or the wholly incredible," *id*., or are "fanciful factual allegation[s]."

**INITIAL REVIEW ORDER - 1**

*Neitzke*, 490 U.S. at 325 (emphasis added). A complaint is malicious when it is a part of a longstanding pattern of abusive and repetitive lawsuits. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988).

Having reviewed Plaintiff's two sets of pleadings, the Court concludes that neither states a claim upon which relief can be granted. In the original Complaint, Plaintiff asserts that she was deprived of "life, property, & prestige." Dkt. 1 at 2. She alleges: "Dan Jones harmed my unborn he took soul off and allowed murder on others after that he took a tumor off my brain w/out my permission so I know very well he did not stop unborns murders. Also he stole trillions…. He also shot 2 of my federal judges!" Dkt. 1 at 2 (verbatim). She has also written allegations sideways and upside down in the margins, which is improper. *See id*. The Amended Complaint contains no factual allegations. Dkt. 3.

Presently, many of the factual allegations appear to fit within the category of baseless or delusional claims. For example, it is unknown if the defendant is a doctor, and, even if he is, it is highly unlikely that a surgeon performed brain surgery on an individual without a signed medical release in today's litigious world. Further, no federal judges in this district have been shot. Plaintiff will be given leave to state the "who, what, when, where, why, and how" of each claim she is alleging. Without sufficient plausible facts, her action will be subject to dismissal.

A second problem is that Plaintiff has not shown that this Court has subject matter jurisdiction over this case. The Court can hear cases that qualify for diversity jurisdiction under 28 U.S.C. § 1332, which requires that the parties be citizens of different states and

**INITIAL REVIEW ORDER - 2**

that the amount in controversy be over $75,000.00. Plaintiff appears to be a citizen of Idaho, and Defendant appears to be a citizen of Oregon, but there are no facts supporting the claims. Therefore, the Court cannot determine whether the Complaint asserts an amount in controversy over $75,000.00.

A third problem is that Plaintiff has not stated facts showing the federal court has authority to exercise personal jurisdiction over the defendant. Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, Plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). Personal jurisdiction over a nonresident defendant exists if: (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). No facts support a conclusion that the Court has personal jurisdiction over the defendant.

A fourth problem is that there are insufficient facts to show that venue is proper. Legal actions may be brought only in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in которых the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**INITIAL REVIEW ORDER - 3**

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

A fifth problem is that Plaintiff has not completed an in forma pauperis application, but has merely written, "in forma pauperis for now," on her Amended Complaint. Dkt. 3 at 1. On her original Complaint, she wrote that Gooding County has permitted her to proceed in forma pauperis. Dkt. 1 at 1. It is not sufficient that the state courts have previously granted her in forma pauperis request. She must complete an application with current financial information and submit it to the Clerk of Court. If she does not, this action must be dismissed for failure to take financial responsibility for the case filing.

## ORDER

**IT IS ORDERED**:

1. Plaintiff may not proceed. To avoid dismissal, Plaintiff must submit a second amended complaint within **21 days** after entry of this Order.

2. To avoid dismissal, Plaintiff must submit a completed in forma pauperis application within **21 days** after entry of this Order.

3. Failure to file a proper and timely amended complaint correcting the deficiencies identified herein and failure to file a current, complete, and timely in forma pauperis affidavit will result in reassignment to a United States District judge to

**INITIAL REVIEW ORDER - 4**

consider dismissal of this case for the reasons set forth above, without further notice to Plaintiff.

4. Because Plaintiff is not entitled to proceed, the Litigation Order and Notice of Telephonic Scheduling Conference (Dkt. 4) is VACATED. The parties need not file a joint litigation and discovery plan by December 30, 2025, and the Court will not hold a status conference on January 6, 2026.

5. The Clerk of Court shall provide a non-prisoner in forma pauperis request to Plaintiff with her copy of this Order.

DATED: December 10, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**INITIAL REVIEW ORDER - 5**